**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID HEFFELFINGER, on behalf of himself, the general public and all other similarly situated; ANDREW HINDS, on behalf of himself, the general public, and all others similarly situated; RODNEY DWYRE, on behalf of himself, the general public, and all others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION, a Delaware corporation,<br><br>        Defendant - Appellee. | No. 08-56319<br><br>D.C. No. 2:07-cv-00101-MMM-E<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| DAVID HEFFELFINGER, on behalf of himself, the general public and all other similarly situated; ANDREW HINDS, on behalf of himself, the general public, and all others similarly situated; RODNEY DWYRE, on behalf of himself, the general public, and all others similarly situated,<br><br>        Plaintiffs - Cross/Appellees, | No. 08-56384<br><br>D.C. No. 2:07-cv-00101-MMM-E |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ELECTRONIC DATA SYSTEMS
CORPORATION, a Delaware corporation,

Defendant - Cross/Appellant.

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted August 1, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and PANNER, Senior District Judge.[**]

Plaintiffs David Heffelfinger, Andrew Hinds, and Rodney Dwyre contend that they and other IT worker class members are not administratively exempt, Cal. Code Regs. tit. 8, § 11040(1)(A)(2), from California wage law requiring that Defendant EDS pay them overtime compensation, *see* Cal. Lab. Code § 510.  We affirm the district court's grant of summary judgment to EDS as to Heffelfinger and Hinds, reverse as to Dwyre, and remand for further proceedings.

## I.  The Administrative Exemption

---

[**]     The Honorable Owen M. Panner, Senior District Judge for the U.S. District Court for Oregon, Portland, sitting by designation.

We note, initially, that we do not rely on the 2004 FLSA regulations to interpret California's administrative exemption. The exemption expressly incorporates FLSA regulations effective as of 2001, *see* Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(f), and California's Industrial Welfare Commission ("IWC") has clarified, with respect to Wage Order 4-2001, that "'*only* those federal regulations *specifically* cited in its wage orders, and *in effect at the time of promulgation of these wage orders*, . . . apply in defining exempt duties under California law.'" *Harris v. Superior Court*, 53 Cal. 4th 170, 180 (2011) (final emphasis added) (quoting IWC, Statement as to the Basis (2001)).[1]

a.      David Heffelfinger

Heffelfinger primarily performed work "directly related to management policies or general business operations," Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(a)(I), of one of EDS's customers. His main role, installing, maintaining, and managing a personnel records management database for the Department of Defense ("DOD"), qualifies as "'servicing' a business," 29 C.F.R. § 541.205(b), and was therefore "*qualitatively* administrative," *Harris v. Superior Court*, 53 Cal. 4th 170, 181 (2011).

---

[1] All citations to the FLSA regulations in this memorandum disposition are to the 2001 version.

3

Additionally, Heffelfinger's duties entailed "execut[ing] or carr[ying] . . . out," 29 C.F.R. § 541.205(c), DOD database policies by "developing and enforcing data base standards and procedures," "leading or participating in logical and physical data base design," and "reviewing system and programming designs to ensure efficient use of data base resources," among other responsibilities of a similar level of importance. He also "affect[ed] policy," *id.*, by "monitoring data base performance statistics and recommending improvements, advising systems engineers and updating management on data base concepts and techniques, and researching new data base technologies." The majority of Heffelfinger's work was therefore "*quantitatively*" administrative, *Harris*, 53 Cal. 4th at 181, as well.

In addition, Heffelfinger "customarily and regularly exercise[d] discretion and independent judgment," Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(b), regarding "matters of significance," 29 C.F.R. § 541.207(a). As a Team Lead, he distributed assignments among team members, monitored projects, and resolved disputes. Like the administratively exempt plaintiff in *Combs v. Skyriver Comms., Inc.*, he also had the authority to recommend courses of action for achieving client specifications. *See* 159 Cal. App. 4th 1242, 1265-66 (2008). Heffelfinger "suggested solutions to accomplish technical specifications received from the DOD," "presented logical representations of network design which the DOD took

4

under advisement," and provided advice on the feasibility of running different applications. That his suggestions were routinely subject to final client approval does not undermine the exempt nature of Heffelinger's role in designing and implementing database solutions based on DOD directives. *See* 29 C.F.R. § 541.207(e)(1).

As there are no genuine issues of material fact with regard to any of these matters, we affirm the grant of summary judgment to EDS as to whether Heffelfinger was exempt as an administrative employee.

b.      Andrew Hinds

Hinds is not judicially estopped at this juncture from pursuing his claims simply because he failed to disclose this lawsuit in his bankruptcy proceedings. Judicial estoppel does not apply if Hinds's nondisclosure was based on "inadvertence or mistake." *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997). Hinds's declaration creates a genuine issue as to whether his nondisclosure was inadvertent; as Hinds asserted, "I did not disclose [this lawsuit] to the bankruptcy court or trustee because I had no idea that I should."

Like Heffelfinger, Hinds serviced the DOD by maintaining and managing the DOC's personnel records management database and therefore performed "*qualitatively* administrative" work, *Harris*, 53 Cal. 4th at 181; *see* 29 C.F.R.

5

§ 541.205(a). Hinds's duties were also "*quantitatively*" administrative, *id*., as substantiated by the plaintiffs' concession that "Hinds was responsible for very high-level problem-solving and for implementing specialized tools with respect to the Oracle data base." The plaintiffs moreover agree that "*[i]n general*, Hinds provided solutions to the DOD's technical issues, which included leading and coordinating operational support and implementation activities for the DOD's database administration." (emphasis added)

Furthermore, Hinds "customarily and regularly exercise[d] discretion and independent judgment," Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(b), in a "real and substantial" way, 29 C.F.R. § 541.207(d)(1). He was responsible for keeping the DOD's personnel records management database "up and running," and also served as "point man" with respect the DOD's common access card system." In addition, Hinds analyzed production problems, participated in "subsystem design" and "major system upgrades," and worked "[u]nder minimal direction . . . to provide programming and technical leadership in support of customer needs." Based on these undisputed facts, no reasonable juror could conclude that Hinds did *not* regularly exercise independent judgment and discretion "with respect to matters of significance," *id.* § 541.207(a).

    c.    Rodney Dwyre

In contrast, there is a triable issue as to whether Dwyre, a Systems Engineer and Information Analyst, qualifies for the administrative exemption. Dwyre's "duties primarily consisted of computer programming of business applications" for the California Department of Health Services ("DHS")," another EDS customer. Although "computer programmers" and "systems analysts" can be administratively exempt if they perform duties such as "the planning, scheduling, and coordination of activities which are required to develop systems for processing data to obtain solutions to complex business, scientific, or engineering problems," *id.* § 541.205(c)(7), the specific kinds of duties enumerated in subsection (a)(2) of the computer software field exemption, *see* Cal. Lab. Code § 515.5(a)(2), do not in themselves constitute "*qualitatively*," *Harris*, 53 Cal. 4th at 181, administrative work within the meaning of the administrative exemption.

As a technical Team Lead, Dwyre spent part of his time assigning and coordinating work, determining schedules, reviewing assignments, and running team meetings. Although duties like these fall within the definition of administratively exempt work, Dwyre asserted that he spent "nowhere near 50% of [his] time" on such activities." Instead, Dwyre's declared that his "job was to create or modify" computer programs to meet DHS's business requirements. The record readily supports an inference that Dwyre was primarily engaged in "[t]he

7

design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications" and/or the "[t]he application of systems analysis techniques and procedures, including consulting with users, to determine . . . software . . . or system functional specifications." *Id.* § 515.5(a)(2)(A)-(B). Based on the record, a reasonable juror could find that Dwyre was not primarily engaged in "*qualitatively*" administrative work, *Harris*, 53 Cal. 4th at 181.

## II. Class Certification

The district court did not abuse its discretion in certifying the IT Workers as a class. *See Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 946 (9th Cir. 2011). The class members shared a common question of law: whether the IT Workers' duties constituted "work directly related to management policies or general business operations," Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(a)(I), of EDS or its customers. Because this question predominated at the time over any need for individualized inquiry into class members' responsibilities, the district court did not err in certifying the class. *See* Fed. R. Civ. P. 23(b)(3).

As the district court acknowledged, however, "EDS has raised serious issues regarding the fact that information technology workers' job responsibilities vary." Even class members who shared the same job code had different duties. Upon

8

remand, the district court retains broad discretion to address problems with the certified class, including the authority to decertify the class, in light of our holding on appeal or for other reasons. *See United Steel, Paper & Forestry, Rubbery, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips*, 593 F.3d 802, 809-10 (9th Cir. 2010).

***

We therefore **AFFIRM IN PART** and **REVERSE IN PART** the grant of summary judgment for EDS. We **REMAND** to the district court for further proceedings consistent with this disposition, including consideration of EDS's motion for class decertification and, if appropriate, consideration of whether Dwyre falls within the computer software field exemption.

Each party shall bear its own costs on appeal.

9

FILED

JUN 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Heffelfinger v. Electronic Data Systems Corporation*, No. 08-56319

PANNER, J., concurring in part and dissenting in part:

I agree with the majority as to Heffelfinger and Hinds.  Because I see no significant distinction between Dwyre and the other two plaintiffs, I dissent as to Dwyer.  The case presents a complicated issue and I think the trial judge got it right.